## DAVID ROBINSON *vs.* JOSEPH GREEN'S Adm'r.

One partner cannot sue another at law, unless there has been an adjustment and balance struck, and a promise to pay the balance.

A stipulated compensation to one of the partners for service may be recovered at law.

A stipulated salary to one of the partners, payable out of profits may be recovered, if profits be shown.

What is a partnership is a question of law; its existence is a question for the jury.

Stronger evidence of the existence of a partnership is required between partners than by third persons.

KENT, October term, 1848. Assumpsit. Pleas, non-assumpsit; payment; discount; set-off and limitation.

It was an action of assumpsit for work and labor of plaintiff, for Joseph Green, deceased; for board of boy; money laid out and expended; goods sold, &c., &c., amounting to $1,107 57; credits $588 68; balance $518 88, and interest.

The plaintiff was a currier and finisher of leather; defendant was a tanner; hired plaintiff at $300 per year; and, after he worked some time, at $20 per month.

The defence was, that there was a partnership between plaintiff and Joseph Green in the business of tanning and currying; and also that the claim was barred by limitation. Evidence was produced on both sides, on these points, in the course of which a witness was asked whether Green did not, after Robinson had left the business,

bring suits in his own name, as a party interested. This was objected to.

*Comegys.*—The object is to prove by parol what can only be proved by record, which must speak for itself. The witness is the magistrate. If any thing is to be proved about his record, it must be produced.

*Bates, jr.*—That depends on the object for which the evidence is offered. If you seek to prove any thing that the record only can verify as the result of a suit, or to claim any thing under it, the record must be produced; but the mere fact that suits were brought, may be proved orally.

*Court.*—A record is the only evidence of the facts it verifies. It is evidence between any parties as to the mere fact of a suit or judgment; and conclusive, as between the parties to it, of the matters which it decides. In either case parol evidence is inadmissible. [*Greenl. Ev.* § 538.] Evidence ruled out.

*Question.*—Did you know of Green collecting bills for leather; that he made out bills in his own name; received money, &c?

This was admitted.

*Bates, jr.*, argued:—1. That the partnership was not proved. 2. That if proved, it showed that Robinson was to receive a stipulated sum of $300 for his labor, in lieu of a share of the profits; and, as this does not require a settlement of the partnership accounts, it may be recovered in an action at law. [*Colly. Part.* 147-8-9.] 3. After a partnership is dissolved and a sum ascertained to be due, an action at law will lie for its recovery. [*Ibid* 151-2.] 4. A general acknowledgment of a subsisting demand, whether made to the party or another, is sufficient to take a case out of the act of limitation. [*Stark. Ev.* 482; 4 *Pick. Rep.* 100; 8 *Com. L. R.* 318; 21 *ib.* 474; 5 *Com. L. R.* 245.]

*Comegys* and *Smithers*, contra, argued.—1. Against the claim as a stale one, against a deceased man. 2. That a partnership was proved, which prevents the action at law. 3. That if a partnership was proved, it was for the plaintiff to show its dissolution.

BOOTH, *Chief Justice*, charged the jury:—1. That if a partnership existed, the plaintiff could not recover, because partners must settle their accounts in chancery, where the whole matter can be investigated, and complete justice be done. What is a partnership is a question of law. Whether it exists is a question of fact. A part-

nership requires a community of interest in profits and loss. Who is to prove it? The burden in this case is on the defendant, who sets it up. What is the kind of evidence or proof? As between third persons, the proof is slighter than in a matter between the partners themselves; but between the partners themselves stricter proof is reasonably required. As against third persons, acts and declarations, and common reputation founded on the acts or even tacit concessions of the partner to be charged, is sufficient evidence of the partnership. But as between the parties themselves stricter proof is reasonably required, because third persons are not interested; and it is in the power of the partners to give stronger evidence of the partnership than third persons can produce.

Ordinarily there is a written agreement of partnership; but this is not necessary. There was none such here, and the partnership might be proved by evidence of the acts and dealings, conduct, admissions and declarations as between themselves and towards others. The declarations of Robinson were proof of the partnership; but not those of Green, unless Robinson was present. He said, if the partnership was proved, the plaintiff could not recover at law; unless—1. there was an adjustment of the partnership accounts, and a balance struck showing a sum due to him. If the partnership was proved, its dissolution must also be proved; and an adjustment and settlement of accounts, with a promise express or implied to pay the balance; and the account given in evidence showing a balance under defendant's hand might be considered in proof of this. 2. If the plaintiff shows he was to have a stipulated compensation for services, independent of the partnership accounts, it might be recovered at law, though he be a partner. 3. A salary payable out of profits yearly may be recovered at law, *if profits are proved sufficient to pay*; and this is for the plaintiff to show. 4. If a partnership did exist, but was terminated, and the defendant agreed to pay $300 in *lieu* of a share of profits, it might be recovered; but this must be satisfactorily proved, and the burden was on the plaintiff.

2. On the plea of limitations, a suit is barred in three years; unless taken out by acts or admissions; a clear distinct acknowledgment of a subsisting demand is sufficient.

Verdict for plaintiff.

*Bates* and *Bates, jr.*, for plaintiff.
*Comegys* and *Smithers*, for defendant.